STATE OF VERMONT

ENVIRONMENTAL COURT

In re Appeals of:
 John A.G. Madden and  Melissa Winborn

} 
} Docket Nos. 227-11-99 Vtec,
}250-12-99 Vtec, and 15-1-00 Vtec
}
}

DECISION AND ORDER

In Docket Nos. 53-4-99 Vtec and 54-4-99 Vtec, the Court ruled on the site plan for a residential subdivision proposed by John and Deborah Sherlock on the former Phelps Farm on Hunt Road in New Haven.  This Court's decision in that matter was affirmed by the Vermont Supreme Court under Docket Number 99-449, and a motion for reargument was denied on March 28, 2000.  The three present appeals involve appeals of building permits issued for three of the lots in the subdivision, as follows:

Docket No. 227-11-99 Vtec is the appeal of building permit #51-99, pertaining to lot number 4.

Docket No. 250-12-99 Vtec is the appeal of building permit #46-99, pertaining to lot number 2.

Docket No. 15-1-00 Vtec is the appeal of building permit #62-99, pertaining to lot number 1.

In all three cases, Appellants John Madden and Melissa Winborn appeared and represented themselves; Appellee-Applicants John and Deborah Sherlock also appeared and represented themselves; and the Town of New Haven, represented by James Ouimette, Esq., entered an appearance but did not participate in the evidentiary hearing. Appellee-Applicants Richard and Tori Lathrop appeared and represented themselves in Docket No. 227-11-99 Vtec.

Validity of the Building Permits

1

Appellants' primary argument against the issuance of the building permits in each of these three appeals was that the underlying subdivision approval was on appeal to the Vermont Supreme Court at the time of the building permit issuance. That argument has become moot, as the Vermont Supreme Court's action is now final as to the underlying subdivision approval.

In Docket No. 250-12-99 Vtec, Appellants also argue that the initial application was in the name of Orebaugh, a prospective purchaser who did not actually purchase that lot. However, the Sherlocks as property owners also had an interest in that building permit, and were entitled to pursue its approval in lieu of the Orebaughs.

Appellants presented no other evidence that the applications for building permits failed to meet any of the standards in the Zoning Regulations for issuance of building permits for single-family residences. The Court finds no reason that any of the three building permits should be disapproved or revoked, and each of them is therefore approved in this appeal.

Validity of the Town's Filing Fee

Appellants also argue that the $300 filing fee imposed by the Town for taking matters to the Zoning Board of Adjustment is unconstitutional under Chapter I, Article 4[1] of the Vermont Constitution, and that it unreasonably discourages citizens from filing notices of appeal. The filing fee was raised from $100 to $300 in the midst of these appeals, and we cannot find from the evidence whether Appellants actually paid the higher fee on the first two cases, or only on the third one.

We do not reach the question of the fee's constitutionality, or even whether the fee is reasonable under 24 V.S.A. §4462(a)[2], because we conclude that it fails to satisfy §322

---

[1]Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character; every person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; comformably to the laws.

[2]. . . . The legislative body may set such reasonable fees for filing of notices of appeal and other acts as it deems proper, the payment of which shall be a condition to

2

of the Zoning Regulations of the Town of New Haven.  That section provides that:

> The Board of Selectmen shall establish all fees to be charged with respect to the administration of these regulations, with the intention of covering the costs of administering the same.

The Town has not shown that the $300 fee was established to cover the costs of administering the zoning regulations.  Rather, the increase in the fee (originally proposed to be $500) was proposed to the Selectboard by Appellee-Applicants Sherlock, for the reason that "they feel it is to[o] easy for someone to go outside of the zoning regulations," that is, in order to discourage appeals to the Zoning Board of Adjustment.  Selectboard Minutes, October 7, 1999.  The only discussion shown in the Selectboard minutes is that "$500 seems too high," suggesting that while the Selectboard chose the $300 level of fee, rather than the suggested $500, the Selectboard's purpose for the increase was that stated in the minutes by Appellee-Applicants Sherlock.

Moreover, the evidence presented from the Town Report with regard to the Town's legal fees does not constitute a cost of administering the zoning regulations.  Costs of administration that may be covered by a filing fee before the ZBA are those incurred by the operation of the ZBA and Zoning Administrator, not the Town's legal fees before this Court.  The American Rule regarding attorney's fees does not allow those fees to be shifted to the opposing litigant unless a statute or contract provides for such fee shifting.

The Town's memorandum on this subject, assuming that the facts stated therein were supported by an affidavit of the Town Clerk, showed that the 1999 "revenues" for the ZBA exceeded the 1999 expenses, although it did not show the source of either those revenues or the categories of expenses included.  As of the date of adoption of the higher fee, therefore, the fee could not be justified by a shortfall in revenues.  While it showed that the year 2000 "revenues" as of the date of the memorandum (April 7, 2000) were zero, as compared with expenses of $578 for that period, there is nothing to show that the revenues anticipated for the remainder of the year would not cover those expenses.  Of course, without knowing the

---

the validity of such filing or act under this chapter.

3

filing fees for zoning permit applications, variance applications or site plan approval applications, it is difficult to determine what "revenues" the Town is relying on for its argument.

Accordingly, the Court must rule in Appellants' favor on the filing fee. Until and unless a filing fee higher than the previous fee can be justified and adopted by the Selectboard as part of a set of reasonable fees designed to cover the cots of administration of the zoning regulations, the filing fee of $300 does not comply with §322 of the Zoning Regulations. Upon proof of payment of the $300 filing fee, Appellants may apply to the Town for a refund of that portion of the fee which exceeds the amount of the most recent former filing fee.

This ruling on the filing fee does not affect in any way the validity of Appellee-Applicants' building permits as upheld by this decision.

Dated at Barre, Vermont, this 24th day of April, 2000.

_____
Merideth Wright
Environmental Judge

4